**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conrad Larson,<br><br>    Plaintiff,<br><br>v.<br><br>Rodger Johnson, et al.,<br><br>    Defendants.<br>_____ | No. CIV 07-0063-PCT-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Plaintiff Conrad Larson's ("Plaintiff") Motion to Dismiss Defendant Kittleson's ("Kittleson") Counterclaim (Dkt. 22). Having considered the parties' arguments, the Court issues this Memorandum of Decision and Order granting Plaintiff's motion.

**BACKGROUND**

**A. Factual History**[1]

Plaintiff alleges that on March 16, 2004, he entered into an employment agreement ("Agreement") with Kittelson for the project management and sale of property in Bullhead City, Mohave County, Arizona. (Compl. ¶¶ 19, 20.) Plaintiff further alleges that he was not

---

[1] For a complete factual history of Plaintiff's claims, see the Court's Memorandum of Decision and Order entered June 23, 2007 (Dkt. 18).

fully compensated according to the terms of the Agreement and now asserts a claim for breach of contract.

### B. Procedural History

Originally filed in the Superior Court of Arizona, Mohave County, on November 27, 2006, this action was removed to this Court on January 8, 2007 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Kittleson filed a motion to dismiss on January 26, 2007, which was denied. (Dkt. 18.) Kittleson then filed an Answer that included a counterclaim for breach of contract and unjust enrichment. (Dkt. 20.) Plaintiff then moved to dismiss Kittleson's counterclaim for lack of subject matter jurisdiction. (Dkt. 22.) The motion has been fully briefed.

## STANDARD OF REVIEW

A party may file a motion asserting a lack of jurisdiction over the subject matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1). A court may raise the question of subject matter jurisdiction sua sponte at any time during the pendency of the action, even on appeal. United States v. Moreno-Morillo, 334 F.3d 819, 830 (9th Cir. 2003); see also Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) jurisdictional attacks may be facial or factual. A facial attack inquires whether the relevant pleading contains sufficient allegations to invoke the jurisdiction of a federal court. A factual attack relies on extrinsic evidence beyond the pleadings to assert lack of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

## DISCUSSION

A counter-claim may be compulsory or permissive. A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). A permissive counterclaim does not arise out of the same transaction or occurrence. Fed. R. Civ. P. 13(b). District courts have supplemental jurisdiction over other claims that are so related to the claims in the action that they form "part of the same case or controversy." 28 U.S.C. § 1367(a).

The Complaint in this matter states claims for breach of contract arising out of the Agreement. Kittleson's counterclaim seeks to recover from Plaintiff on a Promissory Note allegedly executed in favor of Kittleson for $15,000, plus interest, and due "upon request." (Def. Kittleson's Answer pg. 4, ¶ 2.) Plaintiff argues that the counterclaim should be dismissed for lack of jurisdiction because Kittleson fails to present any facts demonstrating a connection between the counterclaim and Plaintiff's claims. (Pl.'s Mot. to Dismiss 3.) Kittleson responds that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because the Promissory Note, like the employment agreement, arose out of the parties' involvement in the Bullhead City project. (Def.'s Resp. to Mot. to Dismiss 3.)

Kittleson supports his contention via an unsworn declaration attached to his Response and stating the connection between the Promissory Note and the Agreement. (Id. at Ex. 1.) Plaintiff replies that the unsworn declaration cannot be used to dispute a facial jurisdictional attack because it is extrinsic evidence neither attached to nor incorporated by reference in the counterclaim. (Pl.'s Reply to Mot. to Dismiss 3.) Besides the fact that it involves the same parties, the only facial connection between the Promissory Note and the Agreement is that they were executed approximately 16 days apart.

As the movant and not the respondent chooses whether a jurisdictional attack is facial or factual, the Court will not consider Kittleson's unsworn declaration in determining the sufficiency of the counterclaim. See Safe Air, 373 F.3d at 1039 ("In a facial attack, the *challenger* asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the *challenger* disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.") (emphasis added). The counterclaim alleges nothing to connect the Promissory Note to the Agreement, other than the identity of parties and the dates of execution. The Promissory Note itself only states that it is executed "for value received." (Def. Kittleson's Answer, Ex. 1, Promissory Note dated February 28, 2004.) The counterclaim is therefore facially insufficient to support a finding that it and the

Complaint form "part of the same case or controversy." 28 U.S.C. § 1367(a). As this deficiency can be overcome by amendment, the Court will dismiss the Counterclaim without prejudice. <u>Id.</u> at § 1653; Fed. R. Civ. P. 15(a).

## CONCLUSION

Defendant's Kittleson's Answer and Counterclaim fails to allege a connection to the subject matter of Plaintiff's claim for breach of contract against Defendant Kittleson. Accordingly,

**IT IS HEREBY ORDERED** granting Plaintiff's 12(b)(1) Motion to Dismiss Defendant Kittleson's Counterclaim (Dkt. 22), without prejudice.

DATED this 16th day of November, 2007.

_____
Stephen M. McNamee
United States District Judge