1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Conrad Larson,                    )    No. CV 07-00063-PCT-SMM
                                       )
10              Plaintiff,             )    **ORDER**
                                       )
11  vs.                               )
                                       )
12                                    )
    Rodger Johnson, et al.,            )
13                                    )
                Respondents.           )
14                                    )
    _____)
15

16          Pending before the Court is a Motion for Leave to Amend Complaint (Dkt. 32) filed

17  by Plaintiff Conrad Larson.  Defendants' Swanson and Johnson oppose Plaintiff's motion

18  on the grounds that the proposed amendment is futile.  Having considered the parties'

19  arguments, the Court issues the following order.

20                              **BACKGROUND**

21          **A. Factual History**

22          Plaintiff Conrad Larson ("Plaintiff") alleges that on March 16, 2004, he entered into

23  an employment agreement ("Agreement") with Defendant Guy Kittelson ("Kittelson") for

24  the project management and sale of property in Bullhead City, Mohave County, Arizona.

25  (Dkt. 1, Ex.1, Compl. ¶¶ 19, 20.) ("Compl.")  According to Plaintiff, he was hired to manage

26  a project that included the development of land into residential property, a golf course, and

27  a hotel. (Compl. ¶ 21.)  Plaintiff claims that, pursuant to the Agreement, he was to receive

28  one percent (1%) of any "outside sale" of the project, (Compl. ¶ 20), and a loan of one

1  thousand dollars ($1,000) per week "until funding was max of $3000.00." (Compl. ¶ 27.)

2  Plaintiff also claims that he is entitled to compensation for his efforts in obtaining the City

3  of Bullhead's cooperation for the project and procuring potential buyers of the property.

4  (Compl. ¶¶ 11-12.)

5      The Agreement is evidenced by two documents, one handwritten and one typed, each

6  signed and dated by Kittelson. (Dkt. 1, Ex. 1A.)  The handwritten document, titled "Project

7  Management Contract for Conrad Larson on Canyon Hills," lists a number of terms.  (*Id.*)

8  The document is signed by Kittelson as "president" and by Obed Williamson.[1]  (*Id.*)  The

9  typed document, titled "Canyon Hills Country Club and Estates," is similar to the

10  handwritten document and contains the same terms as the handwritten document, among

11  other items. (*Id.*)  The typed document is also signed by Kittelson as "president." (*Id.*)

12  Kittelson asserts that he signed the Agreement as a representative of Cashel, Inc.; however,

13  "Cashel, Inc." does not appear on either the typed or handwritten version of the Agreement.

14  (*Id.*)

15      Plaintiff alleges that:  (1) after the Agreement was made, he used his "unique skills"

16  and connections to procure potential buyers (Compl. ¶ 22); (2) he helped sell the property to

17  Defendants Clay Swanson ("Swanson") and Rodger Johnson ("Johnson"), who became

18  partners with Kittelson[2] (Compl. ¶ 24); (3) he was never paid the 1% commission on outside

19  sales as stated in the Agreement for the sale of the property to Johnson and Swanson (Compl.

20  ¶ 26); (4) Kittelson failed to pay Plaintiff the loan and "percent of purchase" stipulated in the

21  Agreement[3] (Compl. ¶ 28).

22

23      [1]Obed Williamson is deceased (Dkt. 6 at 1) and not a party to this action.

24      [2]Plaintiff's complaint does not clearly state whether: (1) the sale occurred before the

25  formation of the partnership between the defendants, or (2) the formation of the partnership itself
   constituted a sale of the property. Plaintiff does not state the date of the sale or when Kittelson,

26  Johnson and Swanson allegedly became partners.

27      [3]The phrase "percent of purchase" in plaintiff's complaint is not clear in its reference, but
   likely refers to the "1% to Conrad [Larson] on outside sales" stated in the handwritten document

28  signed by Kittelson. (Dkt. 1, Exhibit 1A.)

1    Plaintiff further alleges that once Johnson, Swanson and Kittelson formed a
2 partnership, Johnson and Swanson asked Plaintiff to continue working on the project and
3 renewed the Agreement, thereby assuming its obligations. (Compl. ¶ 9-10.)  According to
4 Plaintiff, while Johnson and Swanson were partners with Kittelson, he made arrangements
5 with the City of Bullhead that were instrumental in bringing potential buyers to the property.
6 (Compl. ¶¶ 11-12.)  Plaintiff asserts that his efforts enabled Johnson and Swanson to contact
7 a final purchaser and sell the property.  (Compl. ¶¶ 13, 15.)  Plaintiff claims that he was only
8 paid a stipend to cover his expenses, but never received a "salary or commission." (Compl.
9 ¶ 25.)

10    Plaintiff claims that Kittelson is liable for the loan amount stated in the Agreement as
11 well as the commission for the sale of the property to Johnson and Swanson.  Plaintiff claims
12 that Johnson and Swanson owe him a commission for the final sale of the property and
13 compensation for his work procuring the City of Bullhead's cooperation and potential buyers.

14    **B.  Procedural History**

15    Originally filed in the Superior Court of Arizona, Mohave County, on November 27,
16 2006, this action was removed to this Court on January 8, 2007 pursuant to 28 U.S.C. §§
17 1332, 1441, and 1446.  (Dkt. 1, Not. of Removal.)

18    Johnson and Swanson first sought dismissal of this action on January 26, 2007 (Dkt.
19 6, Defs.' Mot. to Dismiss.), on the grounds that they were not liable under the written
20 agreements because they were not signatories.  In response to that motion, Plaintiff argued
21 that Johnson and Swanson could be held liable on the theory of "implied partnership
22 assumption of Plaintiff's contractual obligation." (Dkt. 10, Pl.'s Resp. at 4.)  In reply,
23 Johnson and Swanson argued that they did not assume the contract simply by becoming
24 partners with Kittleson, and that Plaintiff's theory of implied liability failed to meet the
25 requirements of the Statute of Frauds, A.R.S. §44-101.  (Dkt. 12, Defs.' Resp. at 4.)  The
26 Court found that the complaint sufficiently alleged formation of an implied contract, and
27 declined to address the Statute of Frauds argument because it was raised for the first time in
28 the reply brief.  (Dkt. 18, Order dated July 12, 2007, at 6-7.)

1    On July 23, 2007, Defendants Johnson and Swanson filed a second motion to dismiss

2    raising a new Statute of Frauds argument. (Dkt. 19, Defs.' Mot. to Dismiss.)   In response

3    to Defendants' second motion to dismiss, Plaintiff argued that the full performance of his

4    obligations took the contract out of the Statute of Frauds. (Dkt. 21, Pl. Resp. at 6-9.)   The

5    Court found that the Statute of Frauds barred Plaintiff's breach of contract claim against

6    Defendants Johnson and Swanson; and therefore, the complaint failed to state a claim for

7    which relief can be granted.   (Dkt. 28, Order dated Nov. 16, 2007, at 8-9.)

8    On December 6, 2007, Plaintiff filed a Motion for Leave to Amend the Complaint

9    against Defendants Johnson and Swanson. (Dkt. 32, Pl.'s Mot. to Am.)  Plaintiff's lodged

10   first amended complaint ("FAC") alleges that Plaintiff is entitled to recover under a theory

11   of unjust enrichment.  Defendants oppose the amendment, arguing that the Statute of Frauds

12   applies regardless of the theory alleged.

13                               **STANDARD OF REVIEW**

14   Plaintiff has the right to amend its complaint once "as a matter of course" any time

15   before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  A motion to dismiss is not a

16   "responsive pleading" within the meaning of Rule 15, and neither the filing nor granting of

17   such a motion before the answer terminates the right to amend.  Fed. R. Civ. P. 7(a); *Doe v.*

18   *United States*, 58 F.3d 494, 497-498 (1995).  Except for amendments made "of course" or

19   pursuant to stipulation, leave of court is required to amend a pleading.  Fed. R. Civ. P. 15(a).

20   The rules require that leave to amend should be freely granted "when justice so requires."

21   *Id*.  The Supreme Court has identified four relevant factors in determining whether a leave

22   to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of

23   amendment, and prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182, 83

24   S.Ct. 227, 230 (1962).  A proposed amendment is "futile" only if no set of facts can be

25   proven under the amendment which would constitute a valid claim or defense.  *Miller v.*

26   *Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).  "Where there is a lack of prejudice to the

27   opposing party and the amended complaint is obviously not frivolous, or made as a dilatory

28   maneuver in bad faith, it is an abuse of discretion to deny such a motion."  *Howey v. United*

1    *States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).  When exercising its discretion to deny leave

2    to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate

3    decisions on the merits, rather than on the pleadings or technicalities."  *United States v.*

4    *Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

5                                                **DISCUSSION**

6         Notwithstanding Plaintiff's right to amend as a matter of course, the Court finds

7    Plaintiff should be allowed to amend his Complaint because Plaintiff's claim is not futile as

8    a matter of law.  In light of some of the additional facts that can be proven under the

9    amendment, the sufficiency of the unjust enrichment claim would be better determined

10   through other appropriate motions under Rule 12 or 56 of the Federal Rules of Civil

11   Procedure.

12        Unjust enrichment occurs when a person retains the benefit of a bargain, which in

13   justice and equity belong to another.  *City of Sierra Vista v. Cochise Enterprises, Inc.*, 144

14   Ariz. 375, 381, 697 P.2d 1125, 1131 (App. 1984).  In Arizona, recovery under the theory of

15   unjust enrichment requires the following: (1) an enrichment; (2) an impoverishment; (3) a

16   connection between the enrichment and the impoverishment; (4) absence of justification for

17   the enrichment and the impoverishment and (5) an absence of a remedy provided by law. *Id*.

18   Defendants argue that Plaintiff should not be allowed to amend his Complaint because the

19   unjust enrichment claim is futile.  (Dkt. 37, Defs.' Resp. at 10-12.)  Defendants recognize

20   that a party may amend a pleading once as a matter of course at any time before a responsive

21   pleading is served, but argue that under these facts the amendment would be futile and thus

22   should be denied. (Dkt. 37, Defs.' Resp. at 2.)  However, a proposed amendment is "futile"

23   only if no set of facts can be proven under the amendment which would constitute a valid

24   claim or defense. *Miller*, 845 F.2d at 214.  It is then that the denial of leave to amend would

25   be proper.  Courts are reluctant to deny leave to amend, which would be in contradiction to

26   the spirit of the federal rules, absent prejudice or bad faith. *Howey*, 481 F.2d at 1990-91.

27        Plaintiff alleges sufficient facts under an unjust enrichment theory to allow the

28   Amended Complaint to proceed.  Plaintiff asserts that Defendants Swanson and Johnson

1   entered into a partnership with Defendant Kittleson and asked Plaintiff to continue his work

2   under the "Project Management Contract" and through this continued work by Plaintiff,

3   Defendants Swanson and Johnson benefited.  Plaintiff also asserts that he was not paid for

4   the services he rendered, from which Defendants Swanson and Johnson benefited, and no

5   other remedy is available to Plaintiff to recover for these losses.  Thus he seeks to amend his

6   Complaint and include an unjust enrichment claim.

7   Defendants further argue that Plaintiff cannot circumvent the Statute of Frauds by

8   recasting his claim under the theory of unjust enrichment.  They argue that the purpose of the

9   Statute of Frauds would be frustrated if Plaintiff is allowed to go forward under an unjust

10  enrichment claim and thus the Court should reject the amendment.  At this juncture, the

11  Court cannot say the proposed amendment is futile as a matter of law.  After filing of the

12  FAC, Defendants may seek to dismiss the unjust enrichment claim pursuant to Rule 12, or

13  may seek summary judgment in accordance with Rule 56, or both.

14                              **CONCLUSION**

15  Having considered Plaintiff's Motion for Leave to Amend Complaint, the Court finds

16  that proposed amendment to the Complaint is not futile and grants leave to amend Plaintiff's

17  Complaint.  Accordingly,

18  **IT IS HEREBY ORDERED** granting Plaintiff's Motion to Amend. (Dkt. 32.)

19  **IT IS FURTHER ORDERED** directing the Clerk to file Plaintiff's Lodged Amended

20  Complaint.  (Dkt. 33.)

21  DATED this 11th day of February, 2008.

22

23

24                                          Stephen M. McNamee
                                            United States District Judge

25

26

27

28